NEW YORK COUNTY—HON. GIDEON J. TUCKER, SURROGATE—August, 1863.

## BEEBE v. HATCH.

*In the Matter of the Estate of* ROBERT HOGAN, *deceased.*

The surrogate has no power to direct and control the conduct of executors and administrators in other courts.

Thus, where the surrogate granted an order enjoining the executor from further action as executor, until the conclusion of a controversy then pending; and notwithstanding such order, the executor began an action in his own name, as executor, in the Supreme Court;—*Held*, not a contempt of court, for which the surrogate would direct an attachment to issue.

One Beebe, a creditor of the estate, obtained an order to show cause why the executor should not give security, or be superseded. On the petition, an order was granted by the surrogate, enjoining the executor from further acting in the premises as executor, until the matter in controversy was disposed of.

After the service of this order, and while the injunction was in force, the executor commenced an action in the Supreme Court, as executor, against Beebe, the party who obtained the injunction before the surrogate.

Beebe, on being served with the summons and complaint by the executor, moved, before the surrogate, for an order to have the executor show cause why he should not be punished as for a contempt, in violating the injunction-order; contending that the injunction was absolute in its character, restraining the executor from acting in any manner in the business of the estate; and that the executor could commence an action in another court, only on an application to the surrogate to have the injunction modified or dissolved for the purpose.

The executor showed cause, and denied the violation of the order, contending that it was not a proper construction of the third subdivision of 2 Rev. Stat., § 1, subd. 3, to give to a surrogate the new and extraordinary powers to " direct and control" the conduct of executors and administrators in other courts; that it was a power which had never been exercised by the courts of probate in this State, or by the ecclesiastical courts of England, and cited *Matter of Parker* (1 *Barb. Ch.*, 154); *Grant* v. *Quick* (5 *Sandf.*, 612); *Bennett* v. *Leroy* (6 *Duer*, 685; 5 *Abbotts' Pr.*, 55.)

STEPHEN P. RUSSEL, *for the Petitioner*.

ROSWELL D. HATCH, *for the Executor*.

THE SURROGATE denied the motion for an attachment, and entered an order discharging the order to show cause.